gonzales.memo

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes Avenue
Hagatna, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
MAY 10 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALFONSO GONZALES-CONTRERAS, ) <br> Defendant. ) <br> ) | CRIMINAL CASE NO. 02-00026 <br><br> **UNITED STATES MEMORANDUM CONCERNING THE SCOPE OF RESENTENCING** |

This matter came before the court for resentencing on May 3, 2007, pursuant to the mandate issued by the Ninth Circuit August 10, 2005. The question is whether the court should accord defendant a full sentencing hearing, or whether the court is limited to the holding of United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005)(en banc), where the Ninth Circuit ordered "a limited remand" for the purpose "of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." The Ameline specifically reserved the question of how to proceed if the original sentencing judge was not available, "due to death, disability or retirement ..." Id. at 1079, FN 3. In the same footnote,

however, the court indicated that the unavailability of the original judge "would not necessarily result in an inability to proceed." It opined that the record may reflect information which was not part of the appellate record, which nevertheless would allow the sentencing judge to engage in the Ameline analysis, for example, "[t]he record may reflect an admission that was undiscovered in the appellate process. There may be a negotiated sentence."

The general question of unavailability of the original judge was addressed on August 31, 2005, when the Ninth Circuit issued United States v. Sanders, 421 F.3d 1044 (9th Cir. 2005). In Sanders, the original sentencing judge had retired. The court reviewed the reasons it had initially adopted the Ameline remand procedure:

> "First, most district court records will not contain enough information to allow this court to perform a meaningful plain error analysis. ... Second, a limited remand is the 'only practical way (and it happens also to be the shortest, the easiest, the quickest, and the surest way) to determine whether there was prejudice. Id. at 1079. ... Third, the original sentencing judge can quickly and accurately decide whether he or she would have issued a materially different sentence had the guidelines been advisory." Id. at 1052.

It went on to conclude:

> "Here, the purpose underlying Ameline are nullified because the original sentencing judge is not available and therefore a limited remand is not the appropriate solution in this case. We hold that when the original sentencing judge is not available to conduct a limited remand pursuant to Ameline, the original sentence should be vacated and the case remanded for a full resentencing hearing." Id.

The court emphasized that, because "the purposes underlying Ameline are frustrated by the subsequent unavailability of the original sentencing judge, we hold that under these circumstances the appropriate response to Booker error is to vacate the original sentence and remand for a full resentencing hearing." Id. at 1044.

- 2 -

In light of the Sanders decision, defendant filed a motion to recall the mandate on September 27, 2005, and requested a full resentencing hearing. On November 4, 2005, the panel denied defendant's motion. Thus, as matters now stand, this case had been remanded to the District Court for a limited purpose, to determine whether Judge Unpingco would have sentencing defendant to 365 months incarceration had he known the guidelines were purely advisory. The court specifically rejected defendant's request for a full resentencing.

Defendant is correct, that the general rule is that a full resentencing is appropriate if the original judge is no longer available, and that "available" means no longer on the bench. United States v. Washington, 462 F.3d 1124 (9th Cir. 2006) (judge deceased); United States v. Johnson, 444 F.3d 1026 (9th Cir. 2006) (judge retired). The problem defendant faces here, however, is that he specifically requested a full resentencing and the Ninth Circuit flatly denied his request. Thus, this court has no jurisdiction to do other than apply the Ameline analysis, whether the sentence imposed would have been materially different had Judge Unpingco known that the sentencing guidelines were advisory.

Defendant appears to find the Ninth Circuit ruling inexplicable, but in fact it is entirely consistent with Ameline. The court declined to remand this case for a full resentencing because Sanders does not apply at all.

Remember that Ameline was based upon the situation, as is defendant's, where there had been no objection to the sentence on Booker grounds, so that the analysis on appeal was for plain error, error that is "(1) error, (2) that is plain, and (3) that affects substantial rights." Ameline, 409 F.3d at 1078, citing United States v. Cotton, 535 U.S. 625, 631 (2002). The case turned on the third prong of plain error, whether Ameline's sentencing was affected by the court's reliance on the range mandated by the guidelines. It acknowledged that the burden was on Ameline to establish that his

- 3 -

substantial rights had been affected. "Because the error turns on the use of judge-found facts in a mandatory guidelines system and those guidelines are now advisory, Ameline must demonstrate a reasonable probability that he would have received a different sentence had the district judge known that the sentencing guidelines were advisory." Ameline, 409 F.3d at 1078. It noted that the record did "not provide an inkling of how the district court would have proceeded," and crafted the general remand remedy because "the record in very few cases will provide a reliable answer to the question of whether the judge would have imposed a different sentence had the Guidelines been viewed as advisory." Id. at 1078-79. Likewise, Sanders remanded for a full resentencing because the record did not reflect whether the original judge felt constrained by the guidelines.

Here, however, there is no such ambiguity. Judge Unpingco sentenced defendant at the maximum allowable sentence for level 40, 365 months. Judge Unpingco felt constrained by the guidelines, obviously, but not in a way that would benefit the defendant, had the guidelines been advisory. Given the nature of this case and Judge Unpingco's sentence, defendant would have received life incarceration, had the court felt it had the power to impose such a sentence.

In short, the Ninth Circuit declined to remand this case for a full resentencing because the nature of Judge Unpingco's sentence–the maximum under the applicable guidelines range–demonstrates that there was no plain error, despite the holding of United States v. Booker, 543 U.S. 220 (2005). Given that the court imposed the maximum allowable guidelines sentence, defendant cannot demonstrate that he suffered substantial prejudice because Judge Unpingco believed the Guidelines were mandatory. To the contrary, defendant received a break: he could have and should have been sentenced to life imprisonment.

//

//

- 4 -

## CONCLUSION

The Ninth Circuit declined to remand this case for a full resentencing because the record demonstrates that the 365-month sentence imposed on defendant was not plain error, despite Judge Unpingco's belief that the Guidelines were mandatory. Accordingly, at resentencing this court is limited by the constraints set forth in Ameline.

Respectfully submitted this 10th day of May, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney