HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant


FILED
DISTRICT COURT OF GUAM
MAY 30 2007
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

-----------

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 02-00026 |
| Plaintiff, | DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM CONCERNING THE SCOPE OF RESENTENCING |
| vs. | |
| ALFONSO GONZALEZ-CONTRERAS, also known as Poncho, | |
| Defendant. | |

-----------

"[O]n *Ameline* remand, a district court must obtain, or at least solicit, the views of counsel in writing before deciding whether re-sentencing is appropriate." (*United States v. Montgomery*, 462 F.3d 1067, 1069 (9th Cir. 2006).)

I

A full resentencing hearing is required. (*Cf. United States v. Sanders*, 421 F.3d 1044, 1051-52 (9th Cir. 2005)("We hold that when the original sentencing

(Defendant's Response to United States Memorandum Concerning the Scope of Resentencing)
Criminal Case No. 02-00026

judge is not available to conduct a limited remand pursuant to *Ameline*, the original sentence should be vacated and the case remanded for a full resentencing hearing.").)

The Government concedes "that the general rule is that a full resentencing is appropriate if the original judge is no longer available,' and that 'available' means no longer on the bench." (United States Mem. Concerning the Scope of Resentencing 3 (filed May 10, 2007).)

Further appellate involvement is unnecessary. (*Cf. United States v. Silva*, 472 F.3d 683, 685 (9th Cir. 2007)("*Ameline* allows a district judge to proceed directly from error analysis to resentencing, without any appellate involvement").)

II

The appeal in the present case was decided on August 10, 2005. (Judgment (filed Sept. 21, 2005).)

*Standers* was decided on August 31, 2005. (421 F.3d at 1044.)

There is only one explanation for why the motion to recall the mandate was denied:

2

(Defendant's Response to United States Memorandum Concerning the Scope of Resentencing)
Criminal Case No. 02-00026

> *See Calderon v. Thompson*, 523 U.S. 538, 550 (1998)("In light of the profound interests in repose attaching to the mandate of a court of appeals, . . . the power [to recall the mandate] can be exercised only in extraordinary circumstances. The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.")(citation and internal quotation marks omitted).

(Order (filed Aug. 9, 2006).)

Any other would be nothing more than just a wild guess.

## CONCLUSION

The full resentencing hearing should proceed as ordered. (Order (filed Nov. 9, 2006).)

Dated, Hagåtña, Guam,

May 30, 2007.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(Documents/RpnseToMemo.AContreras)

3

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on May 30, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2007, at Hagåtña, Guam.

/REINA Y. URBIEN